IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JOVANNE HERNANDEZ,

    Plaintiff,

vs.

VILLAGE AIR & ELECTRIC, INC.
a Florida Corporation, and
JAMIE J. ZITO, an individual,
jointly and severally,

    Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, JOVANNE HERNANDEZ, sues Defendants, VILLAGE AIR & ELECTRIC, INC. and JAMIE J. ZITO, and shows:

### Introduction

1.    This is an action by JOVANNE HERNANDEZ against his former employers for unpaid overtime and retaliation pursuant to the Fair Labor Standards Act, as well as unpaid wages under Florida common law. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and 215. The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b). Pursuant to 28 U.S. Code § 1367, the Court has supplemental jurisdiction over

the Florida common law claim as that claim is so related to the FLSA claims that it forms part of the same case or controversy under Article III of the United States Constitution.

3.     Plaintiff's claims arose within the Middle District of Florida, which is where venue is proper.

## Parties and General Allegations

4.     Plaintiff, JOVANNE HERNANDEZ, (hereinafter "Hernandez") a resident of Marion County, Florida, was at all times material, employed by VILLAGE AIR & ELECTRIC, INC, as an HVAC technician, was an employee as defined by 29 U.S.C. § 203 (e), and during his employment with Defendant was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a). To wit: Hernandez's duties included installing and servicing heating and air conditioning units with various tools, all of which are manufactured outside of the State of Florida. Accordingly, Hernandez himself was involved in interstate commerce.

5.     Defendant, VILLAGE AIR & ELECTRIC, INC. (hereinafter, "Village Air"), is a Florida Corporation doing business throughout the State of Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling or otherwise working on goods or material that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in

the HVAC company where HERNANDEZ was employed. At all times pertinent to this Complaint, Village Air operates as an organization which sells and/or markets its services and/or goods to customers outside and throughout the State of Florida, and obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

6.      Defendant JAMIE J. ZITO, (hereinafter "Zito"), who resides in the Middle District of Florida, was, and still is, an owner and/or operator of Defendant Village Air.

7.      Defendant Zito acted and acts directly in the interests of Defendant Village Air in relation to its employees. To wit: Zito is Village Air's president, who maintains financial control over his company, guides corporate policies, controls the company's pay policies and was generally responsible for the company's payroll policies that are violative of the Fair Labor Standards Act. Thus, Zito was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d), and is jointly and severally liable under the FLSA for unpaid wages under the holding of Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir.1986) and its progeny.

### Count I -  Violation of FLSA by Village Air (and Zito) – Unpaid Overtime

8.      Plaintiff realleges the allegations of paragraphs 1 through 7 above as if fully set forth in Count I of his Complaint.

9.      During Herndandez's employment from August 2022  through January 16, 2025, Defendants willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by

employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically Hernandez, in several weeks during his employment, worked in excess of 40 hours, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed. To wit: Hernandez did not receive compensation for all hours worked and Hernandez was paid straight time in lieu of overtime for many of the overtime hours that he was paid.

10.    The failure to pay the full overtime rate to Hernandez is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee.

11.    Village Air's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and Hernandez's status as non-exempt, but chose not to pay him in accordance with the Act.

12.    Hernandez is entitled pursuant to 29 U.S.C. § 216(b), to recover from Village Air and Zito:

        a.    All unpaid overtime that is due;

        b.    As liquidated damages, an amount equal to the unpaid overtime owed;

        c.    The costs of this action, and;

        d.    A reasonable attorney's fee.

WHEREFORE, Plaintiff, Jovanne Hernandez, prays that this court will grant judgment against Defendants Village Air and Zito:

a.    awarding Hernandez payment of full overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

b.    awarding Hernandez an additional equal amount as liquidated damages;

c.    awarding Hernandez his costs, including a reasonable attorney's fee; and

d.    granting such other and further relief as is just.

**<u>Count II –Violation of FLSA by Village Air (and Zito) – Retaliation</u>**

13.    Plaintiff realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 7 above.

14.    Plaintiff, on January 16, 2025, Hernandez discovered that his compensable time was edited down to 40 hours, despite the fact that he worked over 50 hours. As a result of this, Hernandez voiced his opposition to his supervisor and refused to work without being paid for all of the hours that he worked.

15.    As a direct result of Plaintiff's objection to Defendants' illegal pay practice, Defendants terminated Hernandez's employment.

16.    Defendants' actions as more particularly described above were directly related to and in response to Plaintiff's complaints about his pay, since there are no other justifiable reasons for Plaintiff's termination.

17.    Plaintiff's complaint about his pay constitute statutorily protected conduct under Section 15(a)(3) of the FLSA.

18.    Defendants' adverse treatment of Plaintiff was a direct result of Plaintiff's public opposition to Defendants' pay practices.

19.    The conduct more specifically alleged above violated Plaintiff's rights against retaliation for opposing unlawful employment actions, which retaliation is proscribed by the FLSA.

20.    Plaintiff is entitled pursuant to 29 U.S.C. § 216(b), to recover from Defendants:

    a.    All lost wages that are due, including pre-judgment interest;

    b.    As liquidated damages, an amount equal to lost wages;

    c.    Compensatory damages for emotional pain and suffering;

    d.    The costs of this action; and,

    e.    A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this court will grant judgment against Defendants:

    a.     awarding Plaintiff all lost wages found by the court to be due to him, including pre-judgment interest;

    b.    awarding Plaintiff payment of liquidated damages in an amount equal to the lost wages due to him;

    c.    front pay in lieu of reinstatement;

d.      money damages to compensate Plaintiff for emotional pain and suffering endured;

e.      awarding Plaintiff his costs, including a reasonable attorney's fee; and

f.      granting such other and further relief as is just.

### Count III: Breach of Contract  by Village Air – Unpaid Wages

21.    Plaintiff realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 5 and 9 above.

22.    Defendant hired Plaintiff as an HVAC technician and agreed to pay the Plaintiff an hourly rate of $20 to $22 for each hour Plaintiff worked.

23.    Plaintiff performed all job duties and tasks requested by Defendant, and performed all conditions precedent to his entitlement to payment of his agreed wages.

24.    Throughout Plaintiff's employment, Defendant would arbitrarily edit Plaintiff's compensable time to control labor costs, resulting in Plaintiff working several hours for which he received no compensation whatsoever.

25.    By failing to pay Plaintiff his agreed upon wages, Defendant has violated the Florida common law, and now owes Plaintiff his agreed upon wages.

26.    Plaintiff is entitled pursuant to the Florida common law, to recover from Defendant:

a.      his agreed upon wages;

b.      the costs of this action, and;

c.      a reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

a.    enter judgment for Plaintiff and against Defendant on the basis of its willful violations of the Florida common law;

b.    award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid wages;

c.    award Plaintiff reasonable attorneys' fees and costs of suit pursuant to Florida Statutes § 448.08; and

d.    other such relief as this Court deems just.

## Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Date: February 4, 2025                    Respectfully submitted,


*/s/Robert S. Norell*
Robert S. Norell, Esq.
Fla. Bar No. 996777
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*