UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
(OCALA DIVISION)

JOVANNE HERNANDEZ,

      Plaintiff,                            CASE NO.: 5:25-cv-00072-GAP-PRL

v.

VILLAGE AIR & ELECTRIC, INC.
a Florida Corporation, and
JAMIE J. ZITO, an individual,
jointly and severally,

      Defendants.

_____/

## DEFENDANTS' ANSWER AND DEFENSES

Defendants, Village Air & Electric, Inc. ("Village Air") and Jamie J. Zito ("Zito") (collectively, "Defendants"), by and through their undersigned counsel, and pursuant to Federal Rules of Civil Procedure 8 and 12, hereby answer the Complaint (Doc. 1) filed by Plaintiff, Jovanne Hernandez ("Plaintiff"), and assert affirmative and other defenses as follows:

### Introduction

1.     Defendants admit that Plaintiff is a former employee of Village Air. Defendants deny all remaining allegations of Paragraph 1 and specifically deny that Plaintiff is entitled to the relief sought.

1

www.spirelawfirm.com
Employment Attorneys

## Jurisdiction

2.      Defendants admit that this court has jurisdiction over the above-styled cause, but otherwise deny the allegations of Paragraph 2 of the Complaint.

3.      Defendants admit that this court venue is proper in the above-styled cause, but otherwise deny the allegations of Paragraph 3 of the Complaint.

## Parties and General Allegations

4.      The allegations of this Paragraph 4 call for a legal conclusion for which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 4 of the Complaint.

5.      The allegations of this Paragraph 5 call for a legal conclusion for which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 5 of the Complaint.

6.      Defendants admit the allegations in Paragraph 6 of the Complaint.

7.      The allegations of this Paragraph 7 call for a legal conclusion for which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 7 of the Complaint.

## Count I – Violation of FLSA by Village Air (and Zito) – Unpaid Overtime

8.      Defendants reaffirm and incorporate by reference the responses to Paragraphs 1-7 of the Complaint as if they were fully set forth herein.

9.    Defendants deny the allegations in Paragraph 9 of the Complaint.

10.    Defendants deny the allegations in Paragraph 10 of the Complaint.

11.    Defendants deny the allegations in Paragraph 11 of the Complaint.

12.    Defendants deny the allegations in Paragraph 12 of the Complaint, including subparagraphs a.-d.

In response to the unenumerated WHEREFORE Paragraph following Paragraph 12 of the Amended Complaint, Defendants deny all allegations of this Paragraph, including subparagraphs a.-d., and deny that Plaintiff is entitled to any relief sought therein.

### Count II – Violation of FLSA by Village Air (and Zito) - Retaliation

13.    Defendants reaffirm and incorporate by reference the responses to Paragraphs 1-7 of the Complaint as if they were fully set forth herein.

14.    Defendants deny the allegations in Paragraph 14 of the Complaint.

15.    Defendants deny the allegations in Paragraph 15 of the Complaint.

16.    Defendants deny the allegations in Paragraph 16 of the Complaint.

17.    Defendants deny the allegations in Paragraph 17 of the Complaint.

18.    Defendants deny the allegations in Paragraph 18 of the Complaint.

19.    Defendants deny the allegations in Paragraph 19 of the Complaint.

Defendants deny the allegations in Paragraph 20 of the Complaint.

3

20. Defendants deny the allegations in Paragraph 21 of the Complaint including subparagraphs a.-e.

In response to the u1nenumerated WHEREFORE Paragraph following Paragraph 20 of the Amended Complaint, Defendants deny all allegations of this Paragraph, including subparagraphs a.-f., and deny that Plaintiff is entitled to any relief sought therein.

### Count III: Breach of Contract by Village Air – Unpaid Wages

21. Defendants reaffirm and incorporate by reference the responses to Paragraphs 1-5 and 9 of the Complaint as if they were fully set forth herein.

22. Defendants deny the allegations in Paragraph 23 of the Complaint.

23. Defendants deny the allegations in Paragraph 24 of the Complaint.

24. Defendants deny the allegations in Paragraph 25 of the Complaint.

25. Defendants deny the allegations in Paragraph 26 of the Complaint.

26. Defendants deny the allegations in Paragraph 27 of the Complaint, including subparagraphs a.-c.

In response to the unenumerated WHEREFORE Paragraph following Paragraph 26 of the Amended Complaint, Defendants deny all allegations of this Paragraph, including subparagraphs a.-d., and deny that Plaintiff is entitled to any relief sought therein.

## JURY TRIAL

Defendants deny that there will be any issues to be tried by a jury.

## GENERAL DENIAL

All allegations not expressly admitted are denied.

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not work the hours claimed.

## SECOND DEFENSE

Plaintiff cannot establish that individual Defendant Jamie J. Zito is subject to liability under any of the causes of action Plaintiff has pled.

## THIRD DEFENSE

If any of the unlawful acts and omissions alleged in the Complaint were engaged in by Defendants, which Defendants vigorously deny, they did not engage in such acts or omissions knowingly, intentionally, or willfully.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent the activities for which Plaintiff was allegedly not compensated involve only insubstantial and insignificant periods of time, or are de minimis, and are not compensable under the FLSA or any other applicable law or regulation.

5

## FIFTH DEFENSE

If Plaintiff is entitled to any additional wages, which Defendants expressly deny, he is only entitled to receive half time pay for any overtime hours to the extent they were paid for all hours worked.

## SIXTH DEFENSE

Plaintiff's claims are barred to the extent the activities for which Plaintiff was allegedly not compensated involve only insubstantial and insignificant periods of time, or are de minimis, and are not compensable under the FLSA or any other applicable law or regulation.

## SEVENTH DEFENSE

Defendants acted in good faith and had reasonable grounds for believing that their actions were in compliance with the FLSA; therefore, Plaintiff is not entitled to liquidated damages.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent the activities for which Plaintiff was allegedly not compensated involve only insubstantial and insignificant periods of time, or are de minimis, and are not compensable under the FLSA or any other applicable law or regulation.

## NINTH DEFENSE

Plaintiff's retaliation claims fails because Plaintiff did not engage in a

www.spirelawfirm.com
Employment Attorneys

protected activity or suffer an adverse employment action, nor can Plaintiff establish a causal connection between any protected activity and employment action.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or part, to the extent Plaintiff seeks compensation for activities that are non-compensable under the Portal-to-Portal Act, including 29 U.S.C. § 254(a). Defendants assert that such activities, if any, were non-compensable by express contract, custom, policies, or practice.

Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

Dated this 5th day of May, 2025.

Respectfully submitted,

Spire Law, PLLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765

By: */s/ Jesse Unruh*
Jesse I. Unruh, Esq.
Fla. Bar No.: 93121
jesse@spirelawfirm.com
marcela@spirelawfirm.com
filings@spirelawfirm.com

*Attorneys for Defendants*

7

www.spirelawfirm.com
Employment Attorneys

## Certificate of Service

I hereby certify that on this 5th day of May, 2025, the foregoing was electronically filed through the CM/ECF system, which will send a notice to

Robert S. Norell, Esq.
rob@floridawagelaw.com
ROBERT S. NORELL, P.A.
300 NW 70th Avenue
Suite 305
Plantation, FL 33317

*/s/ Jesse Unruh*
Attorney

www.spirelawfirm.com
Employment Attorneys